STATE of Tennessee, Appellant,

v.

Richard A. REED, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

March 25, 1982.

Permission to Appeal Denied by Supreme Court June 1, 1982.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Nashville, R. C. Stegall, Asst. Dist. Atty. Gen., Jackson, for appellant.

Edward Bryant, Jackson, for appellee.

## OPINION

DWYER, Judge.

A five-count indictment was returned by the Madison County Grand Jury accusing Richard A. Reed of (1) driving under the influence of an intoxicant; (2) possessing a controlled substance, marijuana, (3) possessing a controlled substance, propoxphene hydrochloride, (4) possessing a controlled substance with intent to sell, lysergic acid dielhytomide, and (5) violating the vehicle registration law.

A motion to suppress the evidence obtained was filed by Reed on April 15, 1980, predicated on the search and seizure conducted in violation of constitutional guarantees. Tenn.R.Crim.P. 12(b). A hearing was held on the motion on May 22, 1981. The court sustained the motion as to counts three and four of the indictment.

From that ruling the State appeals. T.R. A.P. 3(c)(1).

We will discuss the evidence and determine if there is merit in the State's sole issue that the trial court erred in sustaining the motion as to counts three and four.

A Tennessee Highway Patrolman was on duty on the evening of December 18, 1980, traveling south on Highland Avenue from his home in Humboldt. He was on his way to the highway patrol office in Jackson. When he was within one quarter mile from the intersection of Club Lane and Highland Avenue he observed an automobile weaving from one lane to the other. This automo-

bile ran a stop light at Carriage House Drive and Highland Avenue which prompted the trooper to turn his blue light on, stopping the car in the middle lane. The trooper smelled alcohol on the breath of the driver, Richard Reed. His eyes were glazed, his speech incoherent, and he stumbled when the officer asked him to step out of the car. The officer observed in the car a can of beer on the floor, a marijuana cigarette, and in the back a pipe used for smoking marijuana. The officer asked appellee if he wanted a particular person called to take custody of his car or a particular wrecker to tow it away. The officer related Reed was in a stupor and did not reply.

A T.B.I. officer arrived and assisted the trooper with Reed at the scene. When the trooper entered Reed's car in the unlocked glove compartment he found the controlled substances upon which counts three and four of the indictment were founded.

The State advances that the search of the glove compartment was legal because the passenger compartment of the car was within immediate control of the validly arrested driver. The appellee poses that the search was illegal because Reed was in the back seat of the cruiser and that the warrantless search was conducted without probable cause or exigent circumstances.

The State also urges that the search was legitimate as an inventory search with reliance on *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The appellee, Reed, argues it cannot be an inventory search for the search had already occurred before such inventory theory was placed in motion.

Given no contest as to the validity of the arrest itself, we agree with the State.

■ While it may be true Reed was neutralized before the officer entered the unlocked glove compartment, this is not controlling. With the trooper's arrest of Reed being legal, he had the corresponding right to search at that time the interior of the automobile, both to protect his person and preserve evidence. *New York v. Belton*,

453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). He did not lose that right by placing Reed in the squad car before conducting the search. In other words, if the officer had the right to search the glove compartment contemporaneously with the arrest of Reed, the search of the interior was allowable even after Reed was neutralized.

■ Since the officer had given Reed an opportunity to make arrangements for his car and Reed, because of his condition, could not respond, it would have been foolhardy for the officer to leave the unattended car on the highway. When it became obvious that Reed could not take care of his car, the officers had a right to inventory the car. Whether it was done before the wrecker arrived or afterwards is of no consequence.

In conclusion, we are aware of our brethren's holding, as cited by appellee, in an unpublished opinion of this court, *Timothy Gay Hatcher v. State*, released at Knoxville July 2, 1981. We are not persuaded that the *Hatcher* court ruling would cause us to deviate from our holding here that the search was legal. The judgment of the trial court is reversed. The record is remanded for trial.

TATUM, J., concurs.

O'BRIEN, J., concurs in a separate opinion.

O'BRIEN, Judge, concurring.

I concur fully with the majority opinion with the further comment that the United States Supreme Court decision in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), nullifys the unpublished opinion of this Court in *State v. Timothy Gary Hatcher*, Knoxville (1981) on the search question.