**STATE of Tennessee, Appellant,**

v.

**Ronald McCLANAHAN, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 25, 1991.

Charles W. Burson, Atty. Gen., James W. Milam, Asst. Atty. Gen., Nashville, Edward P. Bailey, Jr., Asst. Dist. Atty. Gen., Maryville, for appellant.

Herbert S. Moncier, Knoxville, for appellee.

## OPINION

DWYER, Judge.

The State appeals from the trial court's grant of the appellee's motion to suppress the unlawful seizure of evidence by the police.

In the evening hours of January 4, 1989, members of a police task force were on duty in a high-risk crime area of Knoxville. In the course of their surveillance, they noticed appellee and his wife driving slowly in and out of parking areas. The appellee was seen stopping and peering inside various late model vehicles. That conduct, of course, caused the police to conclude appellee was preparing to steal a vehicle. Anxious about waiting until he had stolen a car, which risked a high-speed chase, the police stopped the appellee. They found tools known to them to be used in car thefts on his person and in the interior of his truck.

During the investigation, the police learned that the appellee owned a salvage yard in Blount County. The Knox County officers contacted the Blount County officers who made a check of the salvage yard. They relayed information that based on what they saw on the premises, it was a "chop-shop" type operation used to disassemble newly stolen cars. When this information was delivered to the Knox County officers, they asked the appellee for permission to search his business lot. The appellee consented to the search and the following morning a search party was organized. Once they reached his yard in Blount County, the appellee rescinded his consent and vehemently denied the police access. They asserted that they did not need a warrant and searched anyway. Later, a search warrant was obtained based on the observations of the Blount County officers when they first went onto appellee's property.

The trial court, after a full hearing, held that the search warrant based on the information obtained from the Blount County officers was void. The court reasoned that the State did not show that the Blount County officers had a right to be on the appellee's premises in the first place. We are in full agreement with the trial court on that point.

■ It is well-established that all warrantless searches are presumed to be unreasonable. *Fuqua v. Armour*, 543 S.W.2d 64, 66 (Tenn.1976). The State has an affirmative burden to show that this warrantless search was conducted within a recognized exception to that general rule. *Nolan v. State*, 588 S.W.2d 777 (Tenn.Crim. App.1979).

■ If the appellee's salvage yard was open to the public and therefore no warrant was necessary, as the State now urges,

then the State must prove those facts. Instead, the State did not call any witnesses who established that the salvage yard was open to the public at any time the police entered it. This Court cannot presume that the salvage yard was in fact open to the public in the absence of any evidence or testimony on that point. Indeed, the evidence shows appellee resisted the search of his business. The State has utterly failed to establish a record in support of its position. Mere allegations do not suffice.

▪ As an alternative argument, the State urges that the search was conducted under the auspices of T.C.A. § 55-5-108(a)(3) and thus, as an administrative search, did not require a warrant. Again, the State must support that contention with evidence; this they fail to do. The State offered no evidence to support that argument other than the few paragraphs in their brief.

▪ As another alternative argument, the State urges that the open fields doctrine controls. Once again, the State is under a positive duty to offer evidence to show that the appellee did not have an expectation of privacy on his premises.

*Delay v. State,* 563 S.W.2d 905, 907 (Tenn. Crim.App.1977). In *Delay,* which is exactly on point, the State was able to prove that no warrant was necessary because the defendant had exhibited no expectation of privacy. The evidence in that case reflected that the public was welcome on the premises and the police could observe illegal activities from an area where they had a right to be. There is no such evidence in the record before us.

In conclusion, in the absence of the State's proving of the legality of the search and seizure of evidence taken from the appellee's salvage yard, we are in agreement with the trial court's suppression of that evidence. The State's appeal is therefore dismissed.

SUMMERS, J., and WILLIAM M. DENDER, Special Judge.