## IN THE COURT OF CRIMINAL APPEALS

**FILED**

**September 19, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE** | ) | **C.C.A. NO. 01C01-9610-CR-00432** |
| | ) | |
| **APPELLANT** | ) | **SUMNER COUNTY** |
| | ) | |
| **VS.** | ) | **Hon. Jane Wheatcraft** |
| | ) | **Judge** |
| **BOBBY CRUTCHER** | ) | |
| | ) | |
| **APPELLEE** | ) | (Suppression of Search) |

**FOR THE APPELLANT:**

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KAREN M. YACUZZO**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243

**DEE GAY**
Assistant District Attorney
113 East Main Street
Gallatin, Tennessee 37066

**FOR THE APPELLEE:**

**BRYCE C. RUTH, JR.**
Attorney at Law
P.O. Box 68
3210 Highway 31 West
White House, Tennessee 37188

**OPINION FILED:_____**

**AFFIRMED:**

**JOE H. WALKER**
**Sp. JUDGE**

## OPINION

This is an appeal by the State of Tennessee pursuant to Tennessee Rule of Appellate Procedure 9 from an order of the trial court granting the defendant's motion to suppress certain evidence obtained as a result of a search.

## Factual Background

Officer Moniz of the Gallatin Police Department was on routine traffic patrol when he observed three motorcycles pulling away from a traffic light at a high rate of speed. He activated the blue lights and two of the motorcycles pulled to the side of the road. The driver of the third motorcycle looked back at the officer, then accelerated at an even higher rate of speed. The officer pursued, and reached speeds in excess of one hundred miles per hour. Due to the traffic in the area, the officer disengaged the blue lights and slowed his vehicle, but continued following the motorcycle at a greater distance. He called on the radio for assistance.

As the officer crested a hill, he saw the motorcycle attempt to make a sharp bend to the right, go off the road, and up an embankment. The officer proceeded to the scene, and found the defendant crawling out of the weeds and brush on the side of the road.

The motorcycle had hit a storm drain, gone up an embankment, and was not in a driveable condition. The front end was completely torn up, the handle bars were twisted, and the fork was bent. It was laying on the embankment, some twenty feet from the defendant.

The officer approached the defendant who was on the ground, and was in the process of putting handcuffs on him. The defendant was moaning and complaining about being hurt in the accident. The officer ceased handcuffing the defendant, and called for an ambulance. The defendant was transported to the hospital by ambulance, and was placed under arrest after his release from the hospital.

As the defendant was being placed in the ambulance, Mr. Crook, an acquaintance of the defendant approached and asked if he could help. The defendant stated that Mr. Crook could take the gold chains that the defendant had around his neck and keep them for him. Mr. Crook asked if he could take control of the motorcycle that was involved in the wreck, and the defendant responded that he could. The officers at the scene agreed to allow Mr. Crook to take

possession of the motorcycle to remove it from the scene in a truck. The motorcycle was approximately twenty feet from the road, and from the location of the defendant.

The officer testified he proceeded to inventory the motorcycle before releasing it to Mr. Crook. As the officer inventoried the contents of the motorcycle, he investigated a backpack that was on the front bars, and discovered a loaded gun. On the back of the motorcycle there was a black jacket, and the officer found a pill bottle in the upper left corner pocket. Upon examining the contents of the pill bottle the officer found several small baggies with a white powder inside of the baggies, which later tested positive for cocaine.

## Warrantless Search

Following an evidentiary hearing, the trial court concluded that the officer did not have probable cause to search the motorcycle, that the search was not conducted incident to a lawful custodial arrest because the defendant was not under custodial arrest, and that the search was not a proper inventory search.

Deference is given to the trial court to assess the credibility of the witnesses, and determine issues of fact at a hearing on a motion to suppress. The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inference that may be drawn from the evidence. So long as the greater weight of the evidence supports the trial court's findings, those findings should be upheld on apeal. State v. Odom, 928 S.W.2d 18 (Tenn. 1996).

The findings of the trial judge are afforded the weight of a jury verdict and will not be disturbed on appeal unless the evidence in the record preponderates against the judgment of the trial court. State v. Killebrew, 760 S.W.2d 228, 233 (Tenn.Crim.App. 1988).

The State has the burden to show that a search was conducted within a recognized exception to the warrant requirement. State v. McClanahan, 806 S.W.2d 219, 220 (Tenn.Crim.App. 1991).

### Probable Cause Search

The trial court found that the police officer had no probable cause to believe that the

motorcycle contained contraband. This finding is supported by the evidence, as there was no testimony by anyone involved that there was probable cause to believe the motorcycle contained any contraband, or other evidence of a crime, to bring the search within the automobile exception.

See State v. Leveye, 796 S.W.2d 948 (Tenn. 1990).

### Inventory Search

It is permissible for police officers to inventory the contents of a lawfully impounded vehicle without a warrant, providing the circumstances are such as to justify the impoundment of the vehicle. Drinkard v. State, 584 S.W.2d 650 (1979).

In this case the trial court properly found that the vehicle had not been impounded by the officers. In fact, the defendant had consented to Mr. Crook taking possession of the vehicle, and the officers had agreed to release the vehicle to Mr. Crook. One officer testified that he was not impounding the vehicle, but turning the vehicle over to Mr. Crook to be removed from the scene. The trial court in a written order found that Drinkard, supra, controlled the facts of this case. In Drinkard, the court held that where a driver of a vehicle, even though arrested, is able to make his or her own arrangements for the custody of the vehicle, that the police should permit the action to be taken rather than impound the vehicle against the will of the driver and then search it. Just cause to arrest the driver is not, alone, enough; there must also be reasonable cause to take the vehicle into custody.

### Search Incident to Arrest

The trial court found that the defendant was not arrested at the scene, therefore the search was not incident to arrest. The evidence does not preponderate against the finding of the trial court. In fact, the officer testified that the defendant was not arrested at the scene. The defendant was cited for evading arrest, and reckless driving, five days after the incident. He was arrested, upon release from the hospital, for the drugs and pistol that were found resulting from this search.

When an officer has made a lawful custodial arrest of the occupant of a vehicle, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the vehicle. New York v. Belton 453 U.S.454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). State v. Watkins, 827

S.W.2d 293 (1992). In addition, a police officer may conduct a search of the passenger compartment of a vehicle incident to an arrest even when the arrested person is neutralized in the backseat of a squad car. State v. Reed, 634 S.W.2d 665, 666 (Tenn.Crim.App. 1982).

In this case, the defendant was being placed in an ambulance at the time Mr. Crook approached. Mr. Crook was given permission to take control of the wrecked motorcycle. Although it is unclear from the record, the defendant may have left the scene in the ambulance at the time of the contents search of the backpack and jacket which were with the motorcycle.

At the time the defendant was in the ambulance, and before the search of the motorcycle, the defendant had not been arrested, due to injuries. The officer testified he intended to cite the defendant for the misdemeanor offenses. The officer did not intend to maintain custody of the defendant at that time.

This court finds that the greater weight of the evidence supports the finding of the trial court, and therefore the trial court is **affirmed**.

_____
JUDGE

CONCUR:

_____

_____

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **STATE OF TENNESSEE** | ) | **C.C.A. NO. 01C01-9610-CR-00432** |
| | ) | |
| **APPELLANT** | ) | **SUMNER COUNTY** |
| | ) | |
| | ) | **Hon. Jane Wheatcraft** |
| **VS.** | ) | **Judge** |
| | ) | |
| | ) | (Suppression of Search) |
| **BOBBY CRUTCHER** | ) | |
| | ) | |
| **APPELLEE** | ) | |

## JUDGMENT

The appellee, Bobby Crutcher, appeal as of right from a jury verdict in the Sumner Criminal Court convicting him of suppression of search. Appellee was represented by Bryce C. Ruth, Jr. The State of Tennessee was represented by the Attorney General. After a thorough review of the record, the briefs, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the judgment of the trial court be, and the same is hereby affirmed.

It appearing that the appellee is indigent, costs in this court is assessed against the State of Tennessee.

PER CURIAM

JOE G. RILEY, JUDGE
J. CURWOOD WITT, JUDGE
JOE H. WALKER, III, Special Judge