IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1998 SESSION

FILED

May 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9709-CR-00334 |
| | ) | SULLIVAN COUNTY |
| | ) | |
| Appellant, | ) | Hon. Phyllis H. Miller, Judge |
| | ) | |
| vs. | ) | (Possession of Marijuana and |
| | ) | Cocaine For Resale, |
| | ) | Possession of Drug Para- |
| JACK EDWARD PIERSON, | ) | phernalia, Driving On Revoked |
| | ) | License, Misuse of Vehicle |
| | ) | Registration) |
| Appellee. | ) | No. S39583 |

FOR THE APPELLANT:

JOHN KNOX WALKUP
Attorney General & Reporter

ELLEN H. POLLACK
Assistant Attorney General
Cordell Hull Building - 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243

H. GREELEY WELLS JR.
District Attorney General

EDWARD WILSON
Assistant District Attorney
P.O. Box 526
Blountville, TN 37617

FOR THE APPELLEE:

THOMAS McKINNEY
222 E. Center Street
Kingsport, TN 37660

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK
Special Judge

OPINION

The State appeals the trial court's grant of defendant's motion to suppress evidence seized based on an invalid warrantless search. The judgment of the trial court is affirmed.

On July 15, 1996, at about 6:25 p.m., the defendant was operating his motorcycle on a public road in Kingsport, Tennessee, without having his headlight illuminated.[1] Trooper Paul Mooneyham of the Tennessee Highway Patrol was traveling on the same road in the opposite direction. As the two vehicles approached each other, Trooper Mooneyham flashed his lights or pointed his finger toward defendant's motorcycle to indicate the problem. Defendant did not understand the trooper's signal and did not initially activate his headlight. The defendant turned off onto another street. The trooper made a turn, traveled down a parallel street, and stopped the defendant.

During his initial investigation after the stop, Trooper Mooneyham learned that although the defendant had a Virginia driver's license, his Tennessee driver's license had been revoked. Trooper Mooneyham also discovered that the motor vehicle license tag on the motorcycle was registered not to that vehicle, but to another vehicle belonging to the defendant. Trooper Mooneyham placed the defendant in the front seat of his police car and advised him that he was going to issue him citations for the light violation, the improper tag registration, and for the more serious offense of driving on a revoked license. Trooper Mooneyham did not place the defendant under custodial arrest. Before starting his paperwork, however, the officer advised the defendant that he was going to "... look and see what you've got in your motorcycle." The officer directed the defendant to remove the saddlebags on

---

[1] This court is unable from the record to determine precisely what statute Trooper Mooneyham believed the defendant to be violating when he first observed him. During his testimony he made no direct reference to a statute number. The citation itself was not included in the record. Defendant was not ultimately indicted for any headlight violation. The State argues, and the court presumes, that the trooper's reference was to Tenn. Code Ann. §55-8-164(b), which requires motorcycle headlamps to be illuminated.

his motorcycle and to remove the contents from the bag. From inside the saddlebag the defendant removed a black leather purse, which he initially placed behind his back. The officer demanded the bag, and found that it contained cocaine, marijuana, and drug paraphernalia. The officer testified that he believed the search was incident to a valid arrest, because he could have arrested the defendant for driving on a revoked license even though he did not.

Defendant does not question the legality of the initial stop made by the trooper based on his observation that the defendant operated a motor vehicle on a public roadway without an illuminated headlight. Defendant also concedes that after the stop was made, the trooper learned that defendant was in violation of two other code sections: Tenn. Code Ann. §55-4-129 (a) prohibiting improper vehicle registration, and Tenn. Code Ann. §55-50-504 (a)(1), prohibiting him from driving a motor vehicle on a public roadway at a time when his privilege to do so in Tennessee had been revoked. He questions only the right of the trooper to conduct a search of his saddlebags when there was no custodial arrest and no need to inventory the contents.

When a police officer makes a warrantless search, the State has the burden to show that the search was conducted within a recognized exception to the general warrant requirement. State v. McClanahan, 806 S.W. 2d 219, 220 (Tenn. Crim. App. 1991). The State does not argue that the officer actually had probable cause to search the motorcycle saddlebags. See State v. Leveye, 796 S.W. 2d 948, 951 (Tenn. 1990). Neither does the State argue that the search in question was part of an inventory of the contents a lawfully impounded vehicle. See Drinkard v. State, 584 S.W. 2d 650 (1979). Instead, the State asserts only that the search was incident to a lawful custodial arrest.

3

When an officer has made a lawful custodial arrest of the occupant of a

vehicle, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile. New York v. Belton, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981); State v. Watkins, 827 S.W. 2d 293, 295-96 (Tenn. 1992). In addition, a police officer may conduct a search of the passenger compartment of a vehicle incident to a custodial arrest even when the arrested person is neutralized in the backseat of a squad car. State v. Reed, 634 S.W. 2d 665, 666 (Tenn. Crim. App. 1982). The sole issue in this case concerns whether the detainment in question was a "custodial" arrest.

Tenn. Code Ann. §40-7-118(b)(1) requires a law enforcement officer arresting someone for certain misdemeanors committed in his presence to issue a citation in lieu of continued custody. §40-7-118(b)(3)(C) gives the officer the discretion actually to make a custodial arrest for driving on a revoked or suspended license. Based on the facts presented to him, Trooper Mooneyham had the discretion to make a custodial arrest of the defendant. Had he done so, he would have had the right to conduct a reasonable search incident to arrest, and our inquiry in this court would be the reasonableness of the search conducted. The State argues that the custodial arrest was effected when the defendant was asked to sit in the front seat of the patrol car while the citations were being issued. However, Trooper Mooneyham conceded in his testimony that he did not arrest or handcuff the defendant until after the drugs were found in the saddlebags.

The trial court, in its detailed findings of fact, agreed with the arguments made by defendant, and granted the motion to suppress. After careful review of the record, we conclude that the evidence does not preponderate against

the trial court's finding that there was no custodial arrest and, therefore, that no

exception to the warrant requirement was shown.  We affirm the judgment of the trial court.

_____
CORNELIA A. CLARK
SPECIAL JUDGE

CONCUR:

_____
JOHN H. PEAY
JUDGE

_____
PAUL G. SUMMERS
JUDGE

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1998 SESSION

| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9709-CR-00334 |
| | ) | SULLIVAN COUNTY |
| | ) | |
| Appellant, | ) | Hon. Phyllis H. Miller, Judge |
| | ) | |
| vs. | ) | (Possession of Marijuana and |
| | ) | Cocaine For Resale, |
| | ) | Possession of Drug Para- |
| JACK EDWARD PIERSON, | ) | phernalia, Driving On Revoked |
| | ) | License, Misuse of Vehicle |
| | ) | Registration) |
| Appellee. | ) | No. S39583 |

## JUDGMENT

_____Came the appellant, the State of Tennessee, and also came Jack Edward Pierson, by counsel and this case was heard on the record on appeal from the Circuit Court of Sullivan County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Circuit Court of Sullivan County for execution of the judgment of that court and for collection of costs accrued below.

Costs of this appeal will be paid by the appellant, the State of Tennessee for which let execution issue.

PER CURIAM

John H. Peay, Judge
Paul G. Summers, Judge
Cornelia A. Clark, Special Judge