# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### June 13, 2001 Session

## STATE OF TENNESSEE v. MICHAEL D. SIMMONS

**Appeal by Permission from the Criminal Court for Davidson County**
**No. 95-C-1609      Seth Norman, Judge**

---

**No. M1999-00099-SC-R11-CD - Filed September 7, 2001**

---

Appellant, Michael Dewayne Simmons, pled guilty to felony theft of property and aggravated robbery but reserved for appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i) the following certified question of law: whether the defendant was denied his federal and state constitutional right to a speedy trial. The Court of Criminal Appeals concluded that Simmons had not been deprived of his speedy trial right. We granted Simmons' application for permission to appeal to determine whether a speedy trial violation occurred in this case where the only prejudice allegedly resulting from the delay is the defendant's lost possibility of concurrent sentencing with a sentence imposed for a prior unrelated offense. Because the delay of twenty-three months was not egregious, the reason for the delay was negligence or administrative oversight, and the only prejudice alleged is the lost possibility of serving a concurrent sentence, we conclude that the defendant's right to a speedy trial has not been violated. Accordingly, we affirm the judgment of the Court of Criminal Appeals upholding the trial court's denial of the defendant's motion to dismiss.

### Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed

FRANK F. DROWOTA, III, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., ADOLPHO A. BIRCH, JR., JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined.

Cynthia F. Burnes, Nashville, Tennessee, for the appellant, Michael D. Simmons.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Jennifer L. Smith, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Lisa Naylor, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Background

The facts are largely undisputed.[1] On May 30, 1994, the theft and aggravated robbery were committed. On January 17, 1995, Simmons was incarcerated on an unrelated parole offense in the Tennessee Department of Correction ("T.D.O.C."). On July 14, 1995, the Davidson County Grand Jury in a two-count sealed indictment charged Simmons with committing the theft and aggravated robbery. See Tenn. Code Ann. §§ 39-14-103 and -402. A capias was issued in the name of Michael Simmons,[2] and the last known address listed on the capias was "the Davidson County Sheriff's Department." However, Simmons was not served with the capias nor was a detainer filed against him. On June 9, 1997, Simmons was released on parole for the unrelated offense. Eleven days later, June 20, 1997, Simmons was arrested on another unrelated charge. At that time, Simmons was served with the capias that had issued on the theft and aggravated robbery charges that are the subject of this appeal.

On September 24, 1997, Simmons filed a motion to dismiss the charges, alleging that he had been deprived of his statutory and constitutional right to a speedy trial. Specifically, Simmons claimed that he had been prejudiced by the delay of twenty-three months between the return of the indictment and his arrest because he had lost the possibility of serving the sentences for these offenses concurrently with the sentence imposed for the prior unrelated parole offense. Simmons did not assert that the delay impaired his defense in any way.

The trial court denied the motion to dismiss. Simmons pled guilty to both offenses, and thereafter, at the recommendation of the assistant district attorney general, was treated as a multiple, Range II offender and given a six year sentence for the theft conviction and a twelve year sentence for the aggravated robbery conviction. These sentences were concurrent with each other and with another sentence for an unrelated parole offense. Simmons reserved his right to appeal the following certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i)[3]: whether he was denied his right to a speedy trial as a result of the almost two-year delay between the return of the indictment and service of the capias.

After balancing the factors set forth in Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed.2d 101 (1972), the Court of Criminal Appeals affirmed the judgment of the trial court. Given the prosecution's stated intention of seeking enhanced punishment, the Court of Criminal Appeals found unpersuasive the defendant's argument that he had been prejudiced by the lost possibility of serving

---

[1] These facts were largely stipulated by the defense and the State at the hearing on Simmons's motion to dismiss.

[2] The capias also listed the aliases Jonathan Brown and Kevin Michael Black, but the record is clear that Simmons was incarcerated under the name, Michael Simmons. These aliases played no role in the delay.

[3] The rule provides in pertinent part: "An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:(2) upon a plea of guilty . . . if: [d]efendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case. . . ."

his sentence concurrently. We granted the defendant's application for permission to appeal and now affirm the judgment of the Court of Criminal Appeals.

## **Speedy Trial**

The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.[4] Similarly, the Tennessee Constitution provides that "in all criminal prosecutions, the accused hath the right to . . . a speedy public trial." Tenn. Const. Art. I, § 9; see also Tenn. Code Ann. § 40-14-101("In all criminal prosecutions, the accused is entitled to a speedy trial....").

The speedy trial guarantee is designed to protect the accused from oppressive pre-trial incarceration, the anxiety and concern due to unresolved criminal charges, and the risk that the accused's defense will be impaired by dimming memories or lost evidence. See Doggett v. United States, 505 U.S. 647, 654, 112 S. Ct. 2686, 2692, 120 L. Ed.2d 520 (1992); State v. Utley, 956 S.W.2d 489, 492 (Tenn. 1997). Both the federal and state constitutional provisions apply, by their own terms, to persons "accused" in a "criminal prosecution." Therefore, these constitutional rights are implicated only when there is an arrest or a formal accusation. See Utley, 956 S.W.2d at 491. In Barker, supra, the Supreme Court enunciated the following four-factor balancing test for courts to apply when evaluating a speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice suffered by the defendant from the delay. Barker, 407 U.S. at 530, 92 S. Ct. at 2192. This Court adopted the Barker analysis in State v. Bishop, 493 S.W.2d 81, 83-85 (Tenn. 1973), and we have applied it in subsequent cases. See, e.g. Utley, 956 S.W.2d at 492; State v. Wood, 924 S.W.2d 342 (Tenn. 1996).

This balancing test "necessarily compels courts to approach speedy trial cases on an ad hoc basis." Barker, 407 U.S. at 530, 92 S. Ct. at 2192. If a court determines after applying this balancing test that a defendant has been denied a speedy trial, the remedy is reversal of the conviction and dismissal of the criminal charges. See Barker, 407 U. S. at 522, 92 S. Ct. at 2188; State v. Bishop, 493 S.W.2d 81, 83-85 (Tenn. 1973). With these principles in mind, we turn to Simmons's claim that he was denied his right to a speedy trial.

## A. Length of the Delay

We consider first the length of the delay. Until there is some delay which is presumptively prejudicial, it is not necessary to inquire into the other balancing factors of the speedy trial analysis. Barker, 407 U.S. at 530, 92 S. Ct. at 2192; Wood, 924 S.W.2d at 346. Generally, post-accusation delay must approach one year to trigger a speedy trial inquiry. See Doggett, 505 U.S. at 652, n.1, 112 S. Ct. at 2691, n.1; Utley, 956 S.W.2d at 494. The reasonableness of the length of the delay depends upon the complexity and nature of the case, but the presumption that delay has prejudiced the accused intensifies over time. Doggett, 505 U.S. at 652, 112 S. Ct. at 2691; Utley, 956 S.W.2d at 494; Wood, 924 S.W.2d at 346.

---

[4]This provision is applicable to the states through the Fourteenth Amendment to the United States Constitution. Klopfer v. North Carolina, 386 U.S. 213, 87 S. Ct. 988, 18 L. Ed.2d 1 (1967).

While the approximate twenty-three month delay between the return of the indictment and the defendant's arrest is sufficient to trigger the speedy trial analysis, this period of delay is not necessarily unreasonable when compared to other cases. Compare Wood, 924 S.W.2d at 346 (delay of thirteen years); Doggett, 505 U.S. at 653, 112 S. Ct. at 2694 (delay of six years).

## B. Reason for Delay

Next we consider the reason for the delay. This factor generally falls into one of four categories: (1) intentional delay to gain a tactical advantage or to harass the defendant; (2) bureaucratic indifference or negligence, including overcrowded dockets or lack of diligence; (3) delay necessary to the fair and effective prosecution of the case, such as locating a missing witness; and (4) delay caused, or acquiesced, in by the defense, including good faith attempts to plea-bargain or repeated defense requests for continuances. See Barker, 407 U.S. at 531, 92 S.Ct. at 2192; Wood, 924 S.W.2d at 346-47.

The record reflects that the delay in this case resulted from negligence on the part of State officials. Simmons was incarcerated with T.D.O.C. when the indictment was returned, and the capias listed his address as "c/o Davidson County Sheriff's Department." There is no indication in the record that the State ever attempted to serve the defendant while he was incarcerated. At the hearing on the motion to dismiss, the Assistant District Attorney General offered no reason for the delay except "oversight." Although the delay was not intentional, this factor weighs against the State to some extent because "[a] defendant has no duty to bring himself to trial; the State has that duty. . . ." Barker, 407 U. S. at 527, 92 S. Ct. at 2190.

However, when the reason for the delay is negligence, the weight to be assigned this factor differs depending upon the length of the delay. As the United States Supreme Court explained, "our toleration of such negligence varies inversely with its protractedness and its consequent threat to the fairness of the accused's trial." Doggett, 505 U.S. at 656, 112 S. Ct. at 2693. The eight and one-half year delay at issue in Doggett was far longer than the threshold necessary to trigger speedy trial review. In contrast, the delay in this case was not nearly as protracted and did not greatly exceed the triggering threshold; therefore, this factor does not weigh heavily against the State.

## C. Assertion of Right

Another factor to consider in the overall balance is a defendant's assertion or failure to assert the right to a speedy trial. Barker, 407 U.S. at 531-32, 92 S.Ct. at 2192-93; Wood, 924 S.W.2d at 347. Assertion of the right is entitled to strong weight in favor of the defendant, while failure to assert the right ordinarily will make it difficult to prove that the right has been denied. Id. However, an accused who is unaware of pending charges because the indictment has been sealed or not served cannot be penalized for failure to assert the speedy trial right. Doggett, 505 U. S. at 653-54, 112 S. Ct. at 2691; Wood, 924 S.W.2d at 347, n.13.

In this case, the State concedes that Simmons was unaware of the charges contained in the sealed indictment until he was arrested almost two years after its return. Therefore, Simmons cannot be penalized for failing to assert his speedy trial right earlier.

D. Prejudice

The final and most important factor in the analysis is whether the accused suffered prejudice from the delay. Barker, 407 U.S. at 532, 92 S. Ct. at 2193; Wood, 924 S.W.2d at 348; Bishop, 493 S.W.2d at 85. Courts do not necessarily require a defendant to affirmatively prove particularized prejudice. Doggett, 505 U.S. at 654-55; Wood, 924 S.W.2d at 348. However, when evaluating this factor courts must be aware that the speedy trial right is designed: (1) to prevent undue and oppressive incarceration prior to trial; (2) to minimize anxiety and concern accompanying public accusation; and (3) to limit the possibilities that long delay will impair the defense. Bishop, 493 S.W.2d at 85.

We will first consider the second and third interests. Simmons clearly was not aware of the charges contained in the sealed indictment; therefore, he did not suffer anxiety and concern from the unresolved criminal charges. Doggett, 505 U.S. at 655, 112 S. Ct. at 2692. In addition, Simmons does not claim that the delay impaired his ability to defend against the charges.

However, Simmons claims that he was prejudiced by the delay because he was deprived of the possibility of serving these sentences concurrently with the sentence he was then serving on the unrelated parole offense. In our view, this claim implicates the first interest, prevention of undue and oppressive pretrial incarceration.

In Smith v. Hooey, 393 U.S. 374, 375, 89 S. Ct. 575, 21 L. Ed.2d 607 (1969), the United State Supreme Court considered whether a State must honor the federal constitutional speedy trial guarantee when the accused is serving a prison sentence imposed by another jurisdiction. The State of Texas charged Smith with theft, but at the time the indictment was returned, Smith was a prisoner in the federal penitentiary at Leavenworth, Kansas. Smith mailed letters to the Texas trial court asserting his right to a speedy trial on the theft charge, but the trial court replied that "he would be afforded a trial within two weeks of any date [he] might specify at which he could be present." Id. The United States Supreme Court held that Texas was required to honor the speedy trial guarantee despite the fact that Smith was incarcerated in another jurisdiction. In so holding, the Court identified the lost possibility of concurrent sentencing as one harm that could result to an incarcerated prisoner and said this lost possibility relates to the interest in avoiding undue and oppressive pretrial incarceration. Specifically, the Court stated as follows:

> At first blush it might appear that a man already in prison under a lawful sentence is hardly in a position to suffer from "undue and oppressive incarceration prior to trial." But the fact that delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge. First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed.

Id. at 378, 89 S. Ct. at 577. Therefore, Simmons's assertion that a court must consider the defendant's interest in obtaining concurrent sentencing when conducting a speedy trial analysis is

correct. <u>See also</u> <u>State v. Wallace</u>, 648 S.W.2d 264, 270 (Tenn. Crim. App. 1980) (discussing this interest in the speedy trial context). However, we do not agree that the lost possibility of concurrent sentencing is enough in and of itself to require dismissal on speedy trial grounds.

Simmons has not established that he would have obtained concurrent sentences. For example, there is no statute mandating concurrent sentences.[5] Simmons also has not established that, under the statutory sentencing scheme, he probably would have obtained concurrent sentences, or that he was a favorable candidate for concurrent sentencing. In fact, the State contends that Simmons was not likely to obtain concurrent sentencing had he gone to trial, and the State points out that it had filed a notice of intent to seek enhanced punishment which listed five prior felony convictions.[6] In our view, Simmons has at most established the loss of a mere possibility of obtaining concurrent sentences. While this is certainly a factor to consider, when the other relevant factors are properly balanced, a lost possibility of obtaining concurrent sentencing is not sufficient prejudice to establish a speedy trial violation in this case.

The delay of twenty-three months caused by negligence was certainly not appropriate, but it also is not necessarily unreasonable when compared to other cases. There is nothing in the record to indicate that the delay was caused by anything other than negligence. While we do not condone the State's negligent failure to bring Simmons to trial, such negligence does not weigh as heavily against the State in the speedy trial balance, particularly when the delay is not protracted. Therefore, given the circumstances of this case, we conclude that the mere lost possibility of serving a concurrent sentence is not enough to tip the balance in favor of finding a speedy trial violation.

As we stated at the outset, speedy trial claims are determined by a balancing test which necessarily requires a case-by-case determination. The result in this case may well have been different if the delay were more protracted, or if the record indicated that the State acted intentionally to deprive the defendant of his chance of concurrent sentencing, or if the record indicated that the defendant would have been given concurrent sentences but for the delay. The factors relevant to a speedy trial inquiry are interrelated and depend upon the particular circumstances of each case. We cannot, nor do we find it appropriate to, articulate a bright-line rule. We simply hold that the defendant in this case has failed to establish a speedy trial violation.

## **Conclusion**

Having applied the four-factor balancing test, we conclude that the defendant has failed to establish that his statutory and constitutional right to a speedy trial was violated. Accordingly, the

---

[5]Likewise, there is no statute prohibiting concurrent sentences or requiring consecutive sentences. Such a statute obviously would end the inquiry as the defendant would be unable to claim even the lost possibility of concurrent sentencing.

[6]In this Court counsel for Simmons argues that the notice of intent to seek enhanced punishment was not properly put into evidence at the hearing on the motion to dismiss. Given that defense counsel did not object to the notice when the State mentioned it and relied upon it during the hearing before the trial court, we must disagree.

judgment of the Court of Appeals is affirmed.   It appearing that the defendant is indigent, costs of this appeal are taxed to the State.

_____

FRANK F. DROWOTA, III, JUSTICE