IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## STATE OF TENNESSEE v. MARK ANTHONY GRIFFIN

**Direct Appeal from the Criminal Court for Knox County**
**No. 58944     Richard R. Baumgartner, Judge**

---

**No. E2001-01233-CCA-R3-CD**
**December 11, 2002**

---

A jury convicted the Defendant of aggravated robbery and attempted robbery. The trial court sentenced the Defendant to an effective nine-year term. The Defendant appealed, and our Court affirmed the case in part, but remanded the case in part for the trial court to determine whether the Defendant's right to a speedy trial was violated. On remand, the trial court found that the Defendant's right to a speedy trial had not been violated. The Defendant now appeals from the trial court's order denying his motion to dismiss for a violation of his right to a speedy trial. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Mark E. Stephens, District Public Defender, and John Halstead, Assistant Public Defender, Knoxville, Tennessee, for the appellant, Mark Anthony Griffin.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and G. Scott Green, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. FACTS

A. Trial

The following facts of the underlying case were summarized by our Court on direct appeal:
On February 16, 1993, there was a robbery at a video store in Knoxville. When the masked perpetrator entered the store, he was carrying a gun. After entering the video store, the perpetrator demanded that the clerk give him the money in the

cash drawer. While waiting for the clerk to open the cash drawer, the perpetrator put his gun in the face of a customer who was checking out at the register. Already nervous, the perpetrator began to panic when the clerk started to fumble with the cash drawer and could not get it open. In a state of panic, the perpetrator grabbed the customer's wallet and fled.

On July 1, 1993, a Knox County detective interviewed the defendant. The defendant admitted his participation in the robberies at the video store. He stated that he told the store clerk to give him the money. When the clerk hit the cash drawer, the defendant stated that he got scared and snatched the customer's wallet from him.

The defense offered no proof at trial.

The jury convicted the defendant of the aggravated robbery of the customer and the attempted robbery of the store clerk.

State v. Mark Anthony Griffin, No. E1999-00122-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 658, at **2-3 (Tenn. Crim. App., Knoxville, Aug. 29, 2000).

As this Court noted on direct appeal, the trial court denied the Defendant's pre-trial motion to dismiss for prosecutorial delay. The Defendant had alleged that the delay in the prosecution had caused the Defendant to lose the possibility of obtaining sentences for these crimes that would be concurrent with a federal sentence previously received by the Defendant. The trial court determined that although the State had delayed the prosecution to gain a tactical advantage, any potential prejudice to the Defendant regarding the loss of the possibility of concurrent sentencing could be remedied at the time the Defendant was sentenced for these crimes, if convicted. At the sentencing hearing, the trial court ordered that the state sentences in this case be served concurrently "insofar as possible" with any time remaining on the federal sentence that the Defendant received in July 1993.

## B. Appeal

The Defendant appealed his conviction, arguing, among other things, that his right to a speedy trial had been violated. Specifically, he alleged that prosecutorial delay made it impossible to receive sentences that would run concurrently with his federal sentence that he received in July 1993. Our Court described the known sequence of events as follows:

Prior to June 29, 1993, the defendant and his accomplice were arrested and being held in the Anderson County jail on charges unrelated to the subject robberies. On June 29, 1993, a Knox County detective drove to Anderson County to question the defendant and his accomplice about several video store robberies that had occurred in Knox County. The defendant initially agreed to talk to the detective, but later decided not to give a statement. These facts appear undisputed.

On July 1, 1993, the defendant and his accomplice were transferred to the Knox County jail. It is unclear from the record why the defendant was transferred to the Knox County jail. The defendant contends that it was because he was under "arrest" for the subject charges. Subsequent to the first hearing on the motion to dismiss, the state apparently turned over certain documents to defense counsel.

-2-

Defense counsel filed a supplemental motion and attached uncertified documents reflecting that warrants were issued on July 1, 1993, but not served on the defendant. An alleged officer's report attached to the motion indicates that the warrants were "served on the defendant at the Knox County jail." Regardless, it is undisputed that the defendant gave a taped statement on July 1, 1993, admitting his participation in the subject robberies.

It is undisputed that on July 15, 1993, the defendant received a four-year sentence on federal charges. The defendant alleges that federal authorities sent Knox County a detainer letter in September 1993.

The state took no further action against the defendant until he was indicted on July 24, 1995. Defendant alleges that on October 29, 1996, the defendant was paroled from the federal penitentiary and released into the custody of officers from Knox County. On November 1, 1996, the defendant was arraigned on the Knox County charges, and a trial date was set for February 24, 1997. Trial dates were continued several times for reasons not set forth in the record. The defendant alleges that one continuance was at his request, and that he was in federal custody at the time one or more trial dates were set. He alleges that on June 27, 1997, the defendant was found to be in violation of his federal parole and ordered to serve the remainder of his four-year sentence. The technical record reveals a bond forfeiture in September 1997 based on the defendant's failure to appear; however, the forfeiture was later set aside.

The defendant alleges that on May 1, 1998, he was released from the federal penitentiary after serving the remainder of his sentence and transferred to Knox County. A new trial date was set for October 5, 1998. In the meantime, however, the defendant's bail was reduced, and the defendant was released from custody. On October 5, 1998, the defendant failed to appear for trial. He was allegedly arrested on February 26, 1999.

On August 17, 1999, the defendant was convicted by a Knox County jury of aggravated robbery and attempted robbery and sentenced to nine years for the aggravated robbery and three years for the attempted robbery. Both sentences were set to run concurrently with each other and concurrently "insofar as possible" with any time the defendant had remaining on his federal sentence.

Id. at **12-14.

In concluding that the Defendant's case should be remanded for a new hearing, our Court stated the following:

The material facts relating to the alleged delay are difficult to determine from the record before the court. It is undisputed that the offenses were committed on February 16, 1993; the defendant was interrogated on June 29 and July 1, 1993; the defendant was indicted on July 24, 1995; and the defendant was ultimately tried on August 17, 1999. Exactly what else occurred between February 1993 and August 1999 is less clear.

Our examination of the record reveals that no testimony or documentary evidence was introduced by either party relating to prosecutorial delay. The record does contain transcripts of hearings on the motion to dismiss which include arguments of counsel, but no evidence. The technical record contains several defense motions relating to this issue which contain an alleged chronology of events and have several uncertified documents attached, none of which is evidence.

Id. at *11.

This Court then gave the following instructions to the trial court on remand:

(1) The trial court should determine whether the defendant was under "arrest" by Knox County in July 1993 in order to determine the appropriate dates for the due process/ speedy trial analysis. For purposes of review, the trial court shall make findings as to the factors of any required due process analysis (prejudice and intentional delay for tactical advantage or harassment) and all 4 factors of the speedy trial analysis (length of delay, reasons for delay, the defendant's assertion of his right to a speedy trial, and prejudice).

(2) The trial court should determine whether the defendant was on bail for the federal offense at the time he committed the subject robberies. If so, concurrent sentencing was not possible pursuant to Tenn. R. Crim. P. 32(c)(2)(C), and the defendant can not [sic] establish prejudice. There can be no due process violation, and this factor will weigh heavily against the defendant in conducting a speedy trial analysis.

(3) If the defendant was not on bail for the federal offense at the time he committed the subject robberies, a further inquiry will be required. The trial court should determine whether concurrent sentencing was a reasonable probability pursuant to Tenn. R. App. P. 32(c)(2) ("good cause").

(4) The trial court shall enter appropriate findings and an order. If the trial court overrules the motion to dismiss, it shall reinstate the judgments of conviction. If the trial court grants the motion to dismiss, it shall enter an order accordingly. Either party may appeal the trial court's ruling to this court. See Tenn. R. App. P. 3(b) and (c).

Id. at **27-28.

## C. Trial Court's Findings on Remand

On remand, the trial court conducted a hearing and considered documentary evidence pertaining to due process/speedy trial issues. The trial court admitted into evidence and examined a document entitled "ARREST REPORT" which indicated that the Defendant was arrested for two counts of aggravated robbery on July 1, 1993. The document was signed by Darrell Johnson, a detective with the Knox County Sheriff's Department. Also admitted into evidence were documents pertaining to the Defendant's federal court conviction and sentence.

At the conclusion of the hearing, the trial court made the following findings:

-4-

Based on the documentation that I have in front of me, I am going to make these findings. First of all, [the Defendant] was arrested on July 1, 1993, on charges for which he was ultimately tried in this Court in 1999 and found guilty of the aggravated robbery charges.

So the only analysis is the speedy trial analysis. I next find that he was charged with a federal offense in August of 1992, a weapons offense; and, although we don't know the exact date of the conviction, we know that he was sentenced on that charge in July - - that would be July 15th of 1993, at which time he received 48 months in federal custody.

So we know he was under indictment or under charge federally between August of 1992 and July 15th of 1993, at which time he was sentenced. By necessity, he was on some form of release status, because he was not in custody, whether it was pre-trial release, release on his own recognizance, or the posting of an actual bail.

I find that is contemplated by our statutes to be on bond pending final disposition of the case, which would be sentencing and the entering of judgment. So I find he was on release status between August of '92 and July of '93.

Therefore, under the Tennessee statutes - - this offense would have been committed in February of 1993. He was on release status for a felony at the time that this felony was committed, and by statute then this sentence has to run consecutively to the federal sentence, which means that he was not prejudiced by the fact that he was not tried prior to 1999, because the sentence could not have run concurrently with the federal sentence.

It had to have run by statute, by operation of law, consecutively to the federal statute.

## II. ANALYSIS

### A. Legal Standards for Speedy Trial

A criminal defendant is guaranteed the right to a speedy trial by our federal and state constitutions and by state statute. See U.S. Const. amend. VI; Tenn. Const. art. 1, § 9; Tenn. Code Ann. § 40-14-101. The right to a speedy trial protects the accused from oppressive pretrial incarceration, anxiety and concern arising from unresolved criminal charges, and the possibility that the accused's defense will be impaired by fading memories and the loss of exculpatory evidence. See Doggett v. United States, 505 U.S. 647, 654 (1992); State v. Simmons, 54 S.W.3d 755, 758 (Tenn. 2001). "The right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the date of the trial." State v. Vickers, 985 S.W.2d 1, 5 (Tenn. Crim. App. 1997). In determining whether the defendant's right to a speedy trial has been compromised, four factors must be weighed: the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and any prejudice to the defendant caused by the delay. See Barker v. Wingo, 407 U.S. 514, 530 (1972); State v. Bishop, 493 S.W.2d 81, 83-85 (Tenn. 1973). "The single most important factor is whether the defendant was prejudiced by the delay, and the most important issue concerning prejudice to the defendant is the impairment of the ability to prepare a

defense." State v. Baker, 614 S.W.2d 352, 356 (Tenn. 1981). To trigger the Barker analysis, the interval between accusation and trial must be "presumptively prejudicial." Doggett, 505 U.S. at 651-52. A delay of at least one year crosses this threshold. Id.; Vickers, 985 S.W.2d at 5.

We use an abuse of discretion standard of review in determining whether the trial court correctly applied the four-part balancing test to the Defendant's claim that his right to a speedy trial was violated. See State v. Jefferson, 938 S.W.2d 1, 14 (Tenn. Crim. App. 1996); State v. Joseph Hart, No. 02C01-9902-CC-00075, 1999 Tenn. Crim. App. LEXIS 940, at ** 9-10 (Tenn. Crim. App., Jackson, Sept. 20, 1999); State v. Jeffery Jermaine Hankins, No. 02C01-9806-CC-00170, 1999 Tenn. Crim. App. LEXIS, at ** 28-29 (Tenn. Crim. App., Jackson, Aug. 4, 1999); State v. Roy Dale Wakefield, No. 01C01-9609-CR-00389, 1998 Tenn. Crim. App. LEXIS 94, at * 5 (Tenn. Crim. App., Nashville, Jan. 21, 1998).[1] This standard of review "contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" State v. Coley, 32 S.W.3d 831, 833 (Tenn. 2000) (quoting State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999)). Alternatively, "[a]n abuse of discretion exists when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is therefore arbitrary, illogical, or unconscionable." State v. Brown & Williamson Tobacco Corp., 18 S.W.3d 186, 191 (Tenn. 2000).

## B. Application of Balancing Test

### 1. Length of Delay

In this case, the trial court found that the date of the Defendant's arrest was July 1, 1993. This is the date triggering the speedy trial analysis. The Defendant was arraigned on November 1, 1996, and his trial began on February 4, 1997. Thus, the length of delay between the Defendant's arrest and his trial was almost four years. While this is a substantial delay, it does not, in and of itself, establish a constitutional violation. See e.g., Vickers, 985 S.W.2d at 7 (affirming the trial court's denial of the defendant's motion to dismiss for lack of a speedy trial where delay was three years and nine months). The Tennessee Supreme Court has previously found that a delay of over thirteen years did not constitute a speedy trial violation. See State v. Wood, 924 S.W.2d 342, 346-49 (Tenn. 1996). The Tennessee Supreme Court has also found that a length of delay of two years is not enough by itself to find that a defendant has been denied the right to a speedy trial. See Bishop, 493 S.W.2d at 84.

### 2. Reason for the Delay

---

[1] We also note that the standard of review for a trial court's decision to dismiss an indictment - which is the remedy for a successful claim of a speedy trial violation - is abuse of discretion. See State v. Harris, 33 S.W.3d 767, 769 (Tenn. 2000).

Reasons for delay generally fall into four categories: "(1) intentional delay to gain a tactical advantage over the defense or delay designed to harass the defendant; (2) bureaucratic indifference or negligence; (3) delay necessary to the fair and effective prosecution of the case; and (4) delay caused, or acquiesced in, by the defense." Wood, 924 S.W.2d at 346-47 (footnotes omitted). In this case, the trial court found that the State had intentionally delayed the proceedings for the purpose gaining a tactical advantage. However, we noted the following on direct appeal:

> The record is silent as to the reason for the delay between July 1993 and July 1995. A review of the record shows that the defendant was arraigned on the July 1995 indictment on November 1, 1996, allegedly after being released on parole from his federal sentence. Subsequently, a trial date was set for February 24, 1997. Trial dates were continued on several occasions, although the record is inconclusive as to the reasons. Defense memoranda suggest reasons, some of which would not be the fault of the defendant. Some suggested by the state would be the fault of the defendant. Although there does not appear to be any bad faith on the part of the state from the date of indictment until trial, the trial court may re-examine this issue upon remand.

Mark Anthony Griffin, 2000 Tenn. Crim. App. LEXIS 658, at ** 24-25.

On remand, the trial court did not re-examine the issue of whether there was any bad faith on the part of the State. However, even assuming that the State intentionally delayed the proceedings, we have concluded that the outcome, based on all the Barker factors, would be the same.

### 3. Defendant's Assertion of Right to Speedy Trial

The Defendant asserted his right to a speedy trial on May 26, 1999 when he filed a motion to dismiss. He contends that he could not have asserted his right prior to May 26, 1999 because a warrant had not been filed. The Defendant states that he could not have filed a motion to dismiss on the basis that he was denied a speedy trial when a charge had not been formally filed against him. The Defendant was charged by presentment on July 26, 1995, and a capias was served on him on October 29, 1996. "[A]n accused who is unaware that charges are pending against him or her, as is often the case wherein an indictment has been sealed and not served, cannot be penalized for his or her failure to assert the speedy trial right." Wood, 924 S.W.2d at 347 n.13. However, we note that there was almost a three-year delay between the time the capias was served on the Defendant and the time that he filed a motion to dismiss. As this Court noted on direct appeal, "it appears the defendant did not actively seek a swift trial. This factor weighs heavily in favor of the state." Mark Anthony Griffin, 2000 Tenn. Crim. App. LEXIS at *26.

### 4. Prejudice

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize

anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

Barker, 407 U.S. at 532 (footnote omitted). On direct appeal, our Court concluded that the Defendant did not establish prejudice due to the alleged lapse in memory of the detective relating to representations of concurrent sentencing. Thus, the Defendant's attempt to establish prejudice on remand was limited to the potential loss of concurrent sentencing.

On remand, the trial court found that the Defendant's federal release status was the equivalent of being released on bail for the purposes of Tennessee Rule of Criminal Procedure 32(c)(3)(C). The trial court found that because the Defendant was on bail at the time he committed the crimes in this case, he was not eligible for concurrent sentencing. See Tenn. R. Crim. P. 32(c)(3)(C). Thus, the trial court found that the Defendant was not prejudiced because he would have been ineligible for concurrent sentencing.

We cannot conclude that the trial court applied an incorrect legal standard or reached a decision which is against logic or reasoning. Therefore, we conclude that the trial court did not abuse its discretion in denying the Defendant's claim that his right to a speedy trial was violated. Accordingly, the judgment of the trial court is AFFIRMED.

 

 

_____

ROBERT W. WEDEMEYER, JUDGE