# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 17, 2012 Session

## IN RE: ROBERT SADLER BAILEY

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-00298305      James F. Butler, Chancellor**

---

**No. W2011-00330-COA-R3-CV - Filed February 3, 2012**

---

This appeal arises from an action for criminal contempt.  The trial court granted Defendant's motion upon determining Defendant's right to a speedy trial was violated.  The State appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Associate Solicitor General and Warren A. Jasper, Senior Counsel, for the appellant, State of Tennessee.

Donald N. Capparella and Amy J. Farrar, Nashville, Tennessee, for the appellee, Robert Sadler Bailey.

## OPINION

This is the second time that this matter is before this Court.  The events giving rise to this matter occurred on March 26 and 27, 2008, during a trial in which the Defendant, R. Sadler Bailey (Mr. Bailey), an attorney, appeared before the Circuit Court for Shelby County as legal counsel for a litigant. *Watkins, ex rel. Duncan v. Methodist Healthcare System*, No. W2008-01349-COA-R3-CV, 2009 WL 1328898 (Tenn. Ct. App. May 13, 2009).  Following heated exchanges between Mr. Bailey and the trial judge, the trial court stated that it considered Mr. Bailey to be in contempt, and on March 28 the trial court entered an order setting a contempt hearing for April 2, 2008. *Id.* at *2.  At the April 2 hearing, the trial court denied Mr. Bailey's request to be heard, read its written findings of fact and conclusions of law, determined Mr. Bailey was in contempt of court, and ordered Mr. Bailey taken into

custody. *Id.* at *2-3. Mr. Bailey appealed. We vacated the finding of contempt and, by order entered May 13, 2009, remanded the matter and ordered it to be transferred to another judge for further proceedings. *Id.* at *8.

On November 12, 2009, the presiding judge for the Thirtieth Judicial District (Shelby County) signed an order transferring the matter to the Twenty-sixth Judicial District (Madison County). The trial court contacted the parties to set trial. On December 11, 2009, counsel for Mr. Bailey responded to the trial court's communication and advised the court that no charging document had been issued since entry of this Court's order in May 2009. In February 2010, the State advised the trial court that it had been delayed in preparing a charging document because it had experienced difficulty in obtaining documents from the Shelby County Circuit Court Clerk's Office. In March, the State advised the trial court that it again had been delayed in preparing the charging document because the Shelby County judge who had held Mr. Bailey in contempt a year earlier had been unavailable for interview. On April 27, 2010, the State advised the trial court that it still had not been able to interview the Shelby County judge because she had been ill and was still recovering.

On August 2, 2010, the State charged Mr. Bailey with behavior so as to obstruct the administration of justice and/or in abuse of the proceedings of the court. Following a scheduling conference by telephone in August, trial was set for December 9, 2010. On October 15, 2010, Mr. Bailey moved to dismiss the matter, asserting that his right to a speedy trial had been violated. In his motion, Mr. Bailey asserted that there had been a delay of more than 30 months in prosecuting the criminal contempt charges, and that this delay violated his right to a speedy trial. The State responded to Mr. Bailey's motion on November 10, 2010, and the matter was heard on November 19, 2010. The trial court issued a letter ruling on November 22, 2010, and dismissed the matter by order entered December 3, 2010. The State filed a timely notice of appeal to this Court.

### *Issue Presented*

The State presents the following issue for our review:

Whether the trial court incorrectly dismissed this matter applying "speedy trial" factors.

### *Standard of Review*

We review this matter under an abuse of discretion standard of review. *State v. Hudgins*, 188 S.W.3d 663, (Tenn. Crim. App. 2005). "[A]n appellate court should find that a trial court has abused its discretion only when the trial court has applied an incorrect legal

standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006).

## *Analysis*

A defendant's right to a speedy trial is guaranteed by both the United States Constitution and the Tennessee Constitution. U.S. Const. amend. VI; Tenn. Const. Art. 1, § 9. The Tennessee Code additionally provides, "[i]n all criminal prosecutions, the accused is entitled to a speedy trial and to be heard in person and by counsel." Tenn. Code. Ann. § 40-14-101 (2006). The right to a speedy trial "is designed to protect the accused from oppressive pre-trial incarceration, the anxiety and concern due to unresolved criminal charges, and the risk that the accused's defense will be impaired by dimming memories or lost evidence." *State v. Simmons*, 54 S.W.3d 755, 758 (Tenn. 2001) (citations omitted). It is implicated when there is an arrest or a "formal accusation." *Id.* at 759 (citations omitted). Under the test developed by the United States Supreme Court in *Barker v. Wingo*, and adopted in Tennessee by *State v. Bishop*, 493 S.W.2d 81, 83-85 (Tenn. 1973), courts must apply a four-part balancing test when determining whether a defendant's right to a speedy trial has been violated. *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972)). The four elements which comprise this test are: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice suffered by the defendant from the delay." *Id.* at 759. If a court determines that a defendant's right to a speedy trial has been violated under this test, the criminal charges must be dismissed. *Id.* (citation omitted).

The length of the delay is the first element which the court must consider. *Id.* Unless a "presumptively prejudicial" delay has occurred, inquiry into the remaining factors is not necessary. *Id.* (citation omitted). A delay of one year generally will be considered sufficient to trigger analysis of the remaining three factors, but the nature and complexity of the case impact the reasonableness of the length. *Id.* "[T]he presumption that delay has prejudiced the accused intensifies over time[,]" however. *Id.* (citations omitted).

In this case, although Mr. Bailey asserted a delay of more than 30 months in his motion to dismiss, as the trial court noted in its letter ruling, the applicable delay period began to run on May 13, 2009, when this Court vacated the April 2008 order of the Shelby County Circuit Court and remanded the matter for further proceedings. Prior to entry of our May 2009 order, the trial court had no jurisdiction over the matter. Thus the applicable delay period was approximately 15 months from the date of our Order to the date the State issued its charging order. Because the delay was in excess of one year, and in light of the totality of the circumstances, we agree with the trial court that the delay was sufficient to trigger an inquiry into the remaining three factors. We accordingly turn to the reason for the delay.

This second factor in the analysis "generally falls into one of four categories: (1) intentional delay to gain a tactical advantage or to harass the defendant; (2) bureaucratic indifference or negligence, including overcrowded dockets or lack of diligence; (3) delay necessary to the fair and

effective prosecution of the case, such as locating a missing witness; and (4) delay caused, or acquiesced [in,] by the defense, including good faith attempts to plea-bargain or repeated defense requests for continuances." *Id.* at 759. In this case, as the trial court noted, there were no questions regarding the events giving rise to the charge against Mr. Bailey or with respect to the witnesses. The trial court further noted that over four months elapsed between entry of our May 2009 judgment and transfer of the matter as ordered by this Court, and nearly six months until a prosecutor was assigned. The trial court stated:

> The State points out in defense of the [m]otion that it had no explanation for the delay between May 13, 2009 and late December, 2009, since it's [sic] office was not involved up to that date. The State also pointed to difficulty in securing court records of the underlying case, causing an additional several week delay in reviewing documents. Upon completing the review, the State decided to prosecute Bailey for contempt. The State points out that its attempt to interview [the Shelby County judge] was delayed because of medical issues. No statement is before the [c]ourt as to why [the judge] could not be interviewed by telephone, or at her home in person, or why the charge could not be prepared sooner from findings filed by [the judge] on April 2, 2008, along with the statements in the transcript of the morning session on March 27, 2008.

> Thus, the facts have been secured and available by transcripts and a compact disk recording of the March 27, 2008, hearing since that date. The same facts existed on May 13, 2009 when the Court of Appeals vacated the conviction and remanded the case for trial with another judge. Supposedly, the State's brief on appeal and the Defendant's brief were available and presumably discussed the issues relative to contempt.

> . . . .Once involved, the District Attorney's offices was delayed by misplaced court records and an unexplained lack of ability to speak with [the Shelby County judge] who was identified as the State's main witness.

> No Affidavit has been produced explaining the misplaced court records or the reason [the judge] could not be reached or interviewed.

The trial court determined that the delay did not appear to be intentional, to gain tactical advantage, or for harassment. Rather, the trial court determined that the delay in this case arose from the second category, bureaucratic indifference. The supreme court has noted, moreover, that overcrowded court dockets or "simple lack of diligence" are included in the category of bureaucratic indifference or negligence. *State v. Wood*, 924 S.W.2d 342, 347 n. 10 (Tenn. 1996).

The supreme court has noted that when the delay is caused by this second category, "the weight to be assigned this factor differs depending upon the length of the delay." *State v. Simmons*, 54 S.W.3d 755, 760. "'[O]ur toleration of such negligence varies inversely with its protractedness

-4-

and its consequent threat to the fairness of the accused's trial.'" *Id.* (quoting *Doggett v. United States*, 505 U.S. 647, 656, 112 S.Ct. 2686, 2693 (1992)). The trial court in this case "'reject[ed]' the State's position that it was necessary to a fair and effective prosecution of the case to delay the document pending interviews with [the Shelby County judge]." It also found, however, that "[u]pon being offered a speedy trial in December 2010, Defendant advised that he could not go to trial without knowing the charge."

Upon review of the record we note that there is nothing to explain the delay in this case other than the State's assertion that court records were difficult to obtain, primarily because of bureaucratic inefficiency, and that the Shelby County trial judge was unavailable. As the trial court notes, however, the information necessary to prepare the charging document was in the transcripts of the proceedings in both the trial court and this Court. This was not a complex matter requiring further investigation. We cannot say the trial court erred in weighing this factor against the State.

We next turn to whether Mr. Bailey asserted his right to a speedy trial. The supreme court has stated that "an accused person's assertion of his right to a speedy trial, may or may not play an important role in the ultimate determination of whether that person has been deprived of his right to a speedy trial." *State v. Wood*, 924 S.W.2d 342, 347 (Tenn. 1996). It has noted that the United States Supreme Court had "rejected an outright 'demand' rule, whereby failure to seek a speedy trial would result in a waiver of that right." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 529-30, 92 S.Ct. 2182, 2191-92 (1972). Tennessee also has "rejected such a rigid rule[,]" noting that "[t]he primary burden, after all, is on the courts and prosecutors to assure that cases are brought to trial." *Id.* (citations omitted). However, whether a defendant has asserted the right to a speedy trial nevertheless remains one of the factors to consider when determining whether the right has been deprived. *Id.* (citations omitted). "A defendant's assertion of the speedy trial right is entitled to strong evidentiary weight in determining whether the right has been denied, and failure to assert the right will make it difficult to prove it was denied." *Id.* (citing *Barker,* 407 U.S. at 531-32, 92 S.Ct. at 2192-93; *State v. Bishop*, 493 S.W.2d 81, 85 (Tenn. 1973)). In this case, Mr. Bailey did not demand a speedy trial when the charging document was finally issued in August 2010, but moved for dismissal of the matter in October 2010 on the basis that over 30 months had elapsed since he was first taken into custody on the contempt charge. Thus, Mr. Bailey did not assert the right to a speedy trial, but merely asserted that the right had been denied. To the extent that demanding a speedy trial remains an element in this analysis, and to the extent to which a defendant must make the demand before asserting the right as been denied, we must weigh this factor against Mr. Bailey.

We finally turn to the factor that is considered to be the most important in this analysis, whether the defendant suffered prejudice as a result of the delay. *Id.* at 348 (citations omitted). The *Wood* court noted,

> Usually, it is relatively easy to determine whether a defendant has been prejudiced
> by inordinately long pretrial incarceration, or whether he or she has been subjected
> to the stress and anxiety that accompany a public accusation over an extremely long
> period of time. It is often extremely difficult, however, for a defendant to demonstrate

specifically how the delay has impaired his ability to defend himself. Courts have recognized this difficulty and consequently do not necessarily require a defendant to affirmatively prove particularized prejudice.

*Id.*

In this case, Mr. Bailey has suffered no long pretrial incarceration, and there is nothing in the record to demonstrate that his ability to defend against the charges have been impaired. As the trial court noted, however, Mr. Bailey is a practicing attorney who, for nearly three years, faced an accusation of criminal contempt. Although, as noted above, the delay relevant to our analysis here was 15 months, the trial court noted that "[t]here are serious ethics proceedings pending for both sides which are related to this case which have hung over his licensure while this case is pending." The trial court also noted Mr. Bailey's assertion that he had suffered "public humiliation and embarrassment in his professional and personal life." Additionally, as stated above, the right to a speedy trial is designed, in part, to alleviate the anxiety and concern caused by an impending criminal trial. In this case, we cannot say that the trial court erred in weighing this factor in favor of Mr. Bailey.

### *Holding*

In light of the foregoing, we find no abuse of discretion on the part of the trial court. The judgment of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, the State of Tennessee.

_____

DAVID R. FARMER, JUDGE