# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 9, 2013

## STATE OF TENNESSEE v. MALCOLM J. COBLE

**Appeal from the Circuit Court for Madison County**
**No. 09-515     Roy B. Morgan, Jr., Judge**

---

**No. W2012-01692-CCA-R3-CD  -  Filed June 28, 2013**

---

The Defendant, Malcolm J. Coble, contends that his right to a speedy trial was violated when the trial court revoked his community corrections sentence on the basis of a 2010 violation warrant, later amended in 2012, because the warrants were not executed and an evidentiary hearing held until 2012. After a review of the record and the applicable authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

George Morton Googe, District Public Defender, and Jeremy B. Epperson, Assistant Public Defender, for the appellant, Malcolm J. Coble.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Rolf Hazlehurst, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

The Defendant was indicted for aggravated burglary and theft of property on August 31, 2009. He pleaded guilty to these offenses on October 19, 2009, and was sentenced to concurrent terms of six years on the aggravated burglary conviction and eleven months and twenty-nine days on the theft of property conviction, for an effective six-year sentence, to be served on community corrections. A violation affidavit was presented to the court and the

warrant signed on August 10, 2010, citing the following rule violations of the conditions of his community corrections sentence: Rule 2, the Defendant failed to be at home on occasions when checked by a surveillance officer; Rule 3, the Defendant failed to provide verification of employment and failed to obtain his GED; Rule 4, the Defendant failed to pay monthly payments toward court costs totaling $1,215.00; Rule 9, the Defendant failed to report for scheduled weekly meetings prior to his incarceration; Rule 11, the Defendant failed to pay supervision fees to the State of Tennessee as specified in his Behavioral Contract and was in arrears $315.00; Rule 12, the Defendant was charged with aggravated burglary and is currently being held in the Haywood County Jail under a $500,000 bond; and Rule 16, the Defendant failed to attend scheduled community service projects and had a balance of thirty-four hours to complete. This warrant was served by arresting the Defendant on July 15, 2012.

An addendum to the original warrant was presented to the court on July 27, 2012, citing the following additional allegations:

> The Defendant has violated Rule #12: Mr. Coble was convicted in Haywood County Circuit Court #6596 on 1/25/11 for the offense of Attempted Aggravated Robbery sentenced to 3 years to run consecutive to Madison County #09-515. While in the Haywood County Jail serving said sentence, he received conviction in Haywood County Circuit #6828 for offense of Contraband in Penal Facility and sentenced to 3 years suspended after serving 6 months on 1/23/12.

The amended warrant was executed by arresting the Defendant on July 31, 2012.

A violation hearing was held on August 6, 2012. At the hearing, the Defendant admitted all the allegations contained in both warrants, with the following exceptions: the Defendant denied violating rule 9 and contended that he only violated rule 2 once. The State elected to proceed solely on the admitted allegations. As a result, no evidentiary hearing was held, only argument for disposition was presented to the trial court. After arguments, the trial court found that, given the Defendant's admission of the allegations in the violation warrant, the Defendant was "no longer a proper candidate to continue on probation" and revoked the Defendant's community corrections sentence and ordered the Defendant to serve the remainder of his sentence in the Department of Correction (DOC).

The Defendant filed a timely notice of appeal.

ANALYSIS

In this appeal, the Defendant contends that his right to a speedy trial was violated, explaining that "[a] two year, eight month delay in a probation revocation proceeding has warranted dismissal on grounds of a denial of speedy trial." Although he acknowledges that issues cannot be raised for the first time on appeal, the Defendant asserts that this court should consider his speedy trial argument because "it was pointed out at the revocation hearing by counsel and the trial court." The State responds that "the [D]efendant has waived the issue of whether the delay between the issuance of the original probation violation warrant and the revocation hearing violated his right to a speedy trial in his revocation proceeding because he failed to raise the issue in the trial court." Further, the State responds that defense counsel's statements, which he now claims "pointed out" the speedy trial issue, neither raised the issue nor proffered any evidence to satisfy the "four-factor balancing test required by Barker[ v. Wingo, 407 U.S. 514 (1972)], and for that reason the trial court made no findings."

We agree with the State that the Defendant has waived the issue of denial of his right to a speedy trial. An appellate court will not allow a party to raise an issue for the first time on appeal because such action denies the adversary an opportunity to rebut the issue with evidence and argument. See Walsh v. State, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the [trial] court will generally not be addressed on appeal."); State v. Adkisson, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994) ("[A] party will not be permitted to assert an issue for the first time in the appellate court."). The record reflects that the initial violation warrant was executed on July 15, 2012, at which time the Defendant was arrested. If the Defendant had a viable speedy trial contention, he should have argued it before his revocation hearing and, in the event of an adverse ruling, preserved the issue for argument on appeal. Assertion of the right is entitled to strong weight in favor of the defendant, while failure to assert the right ordinarily will make it difficult to prove that the right has been denied. State v. Simmons, 54 S.W.3d 755, 760 (Tenn. 2001).

Despite the Defendant's contention that the issue was "pointed out at the revocation hearing by counsel and the trial court," we agree with the State that the following statement made by defense counsel at the hearing did not fairly raise the speedy trial issue: "Also it's my understanding that this violation came up, it appears to me, August the 10th, 2010. Since that time I believe [the Defendant] has been incarcerated. I don't know what's taken so long, but I believe he was convicted of another offense and has been sentenced to TDOC." Nor do we find the following colloquy between the trial court and the Defendant's probation officer sufficient to deem the issue raised and properly considered by the trial court:

THE COURT:   The original warrant in this case was issued, Judge

Page signed it by interchange, on August 10th, 2010, and then of course there was another warrant that was the amendment on July 27th, 2012. Does anybody know why the original warrant was not served and heard prior to today?

PROBATION OFFICER: Your Honor, to my understanding, the Haywood County jail has a policy that when they have an inmate, that they will not release them until they are completely free, and he finished the 3-year sentence on the original conviction like -- or right at the end of it. Madison County would have been contacted, but he picked up the contraband. So he's just now finishing the second conviction where they were releasing him.

In fact, after this colloquy, the trial court asked whether either party had "[a]ny other comment," to which defense counsel responded in the negative. The Defendant did not file a motion in the trial court requesting a speedy trial, did not move to dismiss the indictment for failure to provide a speedy trial, nor did he assert the denial of a speedy trial as a basis for relief in his motion for new trial. State v. Berry, 141 S.W.3d 549, 568-69 (Tenn. 2004). Thus, because the Defendant failed to assert his right to a speedy trial in a pretrial motion or any other time during the proceedings in the trial court, precluding the trial court from making findings or the State from presenting a defense on the issue, he has waived review of the speedy trial issue. See Tenn. R. App. P. 36(a); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973); State v. Adrian Ann Crain, W2010-00274-CCA-R3CD, 2011 WL 579114, at *2 (Tenn. Crim. App. Feb. 17, 2011); State v. Robert Hurd, W2009-00005-CCA-R3-CD, 2009 WL 2517042, at *3 (Tenn. Crim. App. Aug. 4, 2009)("[T]he trial court made no findings in this regard, and we may not consider such an argument for the first time on appeal.").

CONCLUSION

Based on our review of the record and the applicable law, we affirm the judgment of the trial court.

_____
D. KELLY THOMAS, JR., JUDGE

-4-