IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 12, 2014

## STATE OF TENNESSEE v. JIMMIE LEE REEDER

**Direct Appeal from the Circuit Court for Cheatham County**
**No. 15350     Larry Wallace, Judge**

_____

**No. M2013-02093-CCA-R3-CD - Filed March 27, 2014**

_____

The appellant, Jimmie Lee Reeder, pled guilty in the Cheatham County Circuit Court to two counts of domestic assault and received consecutive sentences of eleven months, twenty-nine days to be served on supervised probation. Subsequently, the trial court revoked his probation and ordered that he serve the balance of his sentences in confinement. On appeal, the appellant contends that the trial court improperly combined his probation revocation hearing with a sentencing hearing for additional convictions and that the trial court should have dismissed the probation revocation proceeding because it violated his rights to due process and a speedy trial. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

James L. Baum, Burns, Tennessee, for the appellant, Jimmie Lee Reeder.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Wendell Ray Crouch, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

The record reflects that in February 2008, the Cheatham County Grand Jury indicted the appellant for rape, a Class B felony, and domestic assault, a Class A misdemeanor. On June 9, 2008, the appellant pled guilty to two counts of domestic assault and received consecutive sentences of eleven months, twenty-nine days to be served on supervised probation.[1] On March 13, 2009, his probation supervisor filed a violation of probation report, alleging that the appellant had violated probation by being charged with rape of a child and aggravated sexual battery on March 5, 2009, and by paying only twenty dollars towards his court costs since being placed on probation. The trial court issued a probation violation warrant on March 13, 2009.

On June 15, 2013, the appellant was convicted of rape of a child and aggravated sexual battery. On July 12, 2013, the trial court held a sentencing hearing for those convictions. At the beginning of the hearing, the State advised the trial court that the appellant "was set for a VOP hearing in Stewart County on Monday, but I'm assuming that meant today?" The trial court answered, "Yeah, I'd like to go ahead and resolve it today while we've got everybody present." The trial court then proceeded with the sentencing hearing. At the conclusion of the hearing, but before the trial court announced the appellant's sentences, the court stated, "[W]hy don't we address the VOP case too. . . . That was, of course, from the convictions that were entered on June 9th of '08."

No witnesses testified at the probation revocation hearing. However, defense counsel made an oral motion to dismiss the violation of probation proceeding on the basis that the appellant's due process and speedy trial rights had been violated due to the length of time between the probation violations and the hearing. The State argued, "Judge, Mr. Reeder has been represented by counsel through this entire procession starting in 2009, and every time his counsel is the one who asked the VOP to be reset until pending the outcome of trial." The trial court did not specifically address defense counsel's motion but announced that the appellant had violated his probation by being convicted of rape of a child and aggravated sexual battery and ordered that he serve the balances of his domestic assault sentences in confinement. The trial court then sentenced him to consecutive sentences of twenty-five years for rape of a child and ten years for aggravated sexual battery. The court ordered that the appellant serve his domestic assault sentences concurrently with the effective thirty-five-year sentence.

## II. Analysis

On appeal, the appellant does not contest the trial court's finding that he violated his probation. Instead, he contends that he is entitled to a new probation revocation hearing

---

[1]The judgments of conviction are not in the appellate record.

because he "was given no notice that two separate cases would be heard together and the combining procedure at least impaired the Appellant's opportunity for a meaningful hearing." He also contends that the trial court should have granted his motion to dismiss the probation revocation proceeding due to a violation of his due process and speedy trial rights.

"A defendant at a probation revocation proceeding is not entitled to the full array of procedural protections associated with a criminal trial." State v. George P. Fusco, No. M2013-00991-CCA-R3-CD, 2014 Tenn. Crim. App. LEXIS 77, at *8 (Knoxville, Jan. 28, 2014) (citing Black v. Romano, 471 U.S. 606, 613 (1985); Gagnon v. Scarpelli, 411 U.S. 778, 786-790 (1973)). Nevertheless, the United States Supreme Court has observed that "probationers have an obvious interest in retaining their conditional liberty, and the State also has an interest in assuring that revocation proceedings are based on accurate findings of fact and, where appropriate, the informed exercise of discretion." Black, 471 U.S. at 611. To ensure the "minimum requirements of due process" necessary prior to a probation revocation hearing, the following requirements must be met:

> "(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . .; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."

Gagnon, 411 U.S. at 786 (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).

Regarding the appellant's claim that the trial court erred by combining the hearings, the trial court announced at the beginning of the sentencing hearing that it also wanted to conduct the probation revocation hearing "while we've got everybody present." The appellant did not object. We note that during the testimony of one of the State's sentencing witnesses, the State questioned the witness about the appellant's domestic assault convictions. Defense counsel objected and stated, "Well, it was my understanding those would be two separate hearings, Your Honor. They're two separate cases. I don't know how we can do them both at once. I thought we were in the sentencing hearing right now." The trial court overruled the objection, stating, "I think it comes in either way." The appellant did not object further and has offered no specific example as to how the combined hearing affected the minimum requirements of due process. Therefore, we conclude that he is not entitled to relief.

As to the appellant's claim that the four-year delay between the probation violations and the probation revocation hearing violated his rights to due process and a speedy trial, we note that "[t]he right to a speedy trial arises under the Sixth Amendment to the Constitution of the United States made applicable to the State by the Fourteenth Amendment . . . and Article 1, § 9 of the Constitution of Tennessee." State v. Bishop, 493 S.W.2d 81, 83 (Tenn. 1973). Moreover, "a probation revocation proceeding is a continuation of the criminal prosecution, and, as such, the defendant . . . has a constitutional right to a speedy trial on 'the offense of violation of the terms of probation.'" Allen v. State, 505 S.W.2d 715, 719 (Tenn. 1974). To determine whether a defendant's constitutional right to a speedy trial has been violated, this court must conduct the balancing test set forth in Barker v. Wingo, 407 U.S. 514 (1972). See State v. Wood, 924 S.W.2d 342, 346 (Tenn. 1996); State v. Baker, 614 S.W.2d 352, 353 (Tenn. 1981). Under the Barker analysis, the following four factors must be considered: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to a speedy trial; and (4) the prejudice resulting from the delay. Barker, 407 U.S. at 530.

The appellant acknowledges in his brief that "the reason for the delay in this probation revocation hearing was other unresolved criminal charges." At the revocation hearing, the State argued that the reason for the delay was defense counsel's requesting delays until the outcome of trial, and defense counsel did not contest the State's argument. Moreover, the appellant did not assert his right to a speedy trial until the day of the probation revocation hearing.

Regarding prejudice, the most important factor, the appellant contends that due to the delay, he "continued to be on probation from June 9, 2008 to June 2013. Thus Appellant was on probation for almost three years beyond the sentence." Granted, the filing of a probation violation warrant tolled the expiration of the suspended sentence. See State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001). However, prejudice is to be assessed in light of the following interests of the accused which the right to a speedy trial was designed to protect: (1) to prevent undue and oppressive incarceration prior to trial; (2) to minimize the anxiety and concern that result from being accused of a crime; and (3) to limit the risk that the defense will be impaired. State v. Simmons, 54 S.W.3d 755, 760 (Tenn. 2001). In the instant case, the appellant does not claim that he suffered from anxiety and concern or that the delay impaired his ability to prepare a defense. He also has not demonstrated that he was subject to undue and oppressive incarceration, especially since the delay was substantially, if not entirely, the appellant's fault. Therefore, he did not suffer any appreciable prejudice from the delay. In sum, the length of the delay weighs in favor of a speedy trial violation, but the other three factors do not. We again conclude that the appellant is not entitled to relief.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE