IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2013

**STATE OF TENNESSEE v. MICHAEL RAY MCKEE**

**Appeal from the Circuit Court for Madison County**
**No. 02-50     David Hayes, Judge**

**No. W2012-00797-CCA-R3-CD  -  Filed March 7, 2013**

The Defendant, Michael Ray McKee, contends that his right to a speedy trial regarding his probation revocation hearing was violated and, as a result, the trial court erred in revoking his probation. After reviewing the record and the applicable authorities, we conclude that the Defendant's constitutional right to a speedy trial was not violated and that there was sufficient evidence presented to support the trial court's revocation; we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

George Morton Googe, District Public Defender; Paul Meyers and Kandi K. Collins, Assistant Public Defenders, for the appellant, Michael Ray McKee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Jerry Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

The record reflects that on May 3, 2002, the Defendant entered a best interest plea to burglary, vandalism, and evading arrest. He was sentenced to four years on the burglary conviction, eleven months and twenty-nine days on the vandalism conviction, and eleven months and twenty-nine days on the evading arrest conviction. The convicting court ordered the Defendant to serve the eleven month and twenty-nine day sentences before being released

to serve the four-year burglary sentence on intensive probation.  The Defendant was released on intensive probation on January 15, 2003.  The Defendant's probation officer filed a probation violation report on June 13, 2003.  Earlier that same month, a violation of probation warrant was issued, citing the following violations: "Failure to report as directed, failure to keep curfew, failure to pay costs as directed, failure to pay supervision fees and absconding."  The Defendant was located in Mississippi in April 2004, but he had acquired charges there.  The State of Tennessee placed a hold on the Defendant until he had completed his Mississippi sentence.  Once completed, the Defendant was transported directly from Mississippi to the jail in Tennessee.  The warrant was executed on February 29, 2012, upon the Defendant's return; the revocation hearing was held shortly thereafter.

The Defendant was the only witness at the revocation hearing.  He admitted that he moved to Mississippi without informing or seeking permission from his probation officer.  The Defendant testified that he had no excuse for his actions and asked the trial court for mercy.

The trial court noted that "none of this would have happened if the Defendant had stayed in Tennessee and completed his probation."  The trial court revoked the Defendant's probation on the felony, finding that he had already served the misdemeanor sentences, and ordered the Defendant to serve his four-year burglary sentence in the Department of Correction.

ANALYSIS

The Defendant contends that the trial court erred in revoking his probation because his right to a speedy trial regarding his probation revocation hearing was violated.  The State responds that the Defendant's speedy trial argument is waived because issues cannot be raised for the first time on appeal and that there is substantial evidence to support the trial court's revocation of the Defendant's sentence.  Despite the State's assertion that the Defendant's speedy trial argument has been waived for failure to raise the issue below, the record reflects that the Defendant did raise this argument at the revocation hearing.  Therefore, we will address it on the merits.

*I. Probation Revocation and Right to Speedy Trial*

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. See State v. Williamson,

619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). This court will only find an abuse of discretion when the record contains "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). Upon finding by a preponderance of the evidence that a defendant has violated the conditions of his release, the trial court "shall have the right ... to revoke the probation and suspension of sentence" and either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Tenn. Code Ann. § 40-35-311(e).

A probation revocation proceeding is a continuation of a criminal prosecution and thus falls within a defendant's constitutional right to a speedy trial. See U.S. CONST. amends. XI, XIV; TENN. CONST. art. I, § 9; Allen v. State, 505 S.W.2d 715, 719 (Tenn. 1974); see also State v. Rickey E. Hutchings, No. M2008-00814-CCA-R3-CD, 2009 WL 1676057, at *4-5 (Tenn. Crim. App. 2009). A trial court must carefully balance societal interest in punishing criminals against a defendant's interest in a speedy trial because dismissal of charges is the only available remedy for violation of the right. State v. Bishop, 493 S.W.2d 81, 83 (Tenn. 1973). In Bishop, our Supreme Court adopted factors articulated by the United States Supreme Court as the relevant analytical framework for alleged violations of the right to a speedy trial:

(1) The length of the delay;
(2) the reason for that delay;
(3) the defendant's assertion to his right to speedy trial; and
(4) the prejudice to the defendant.

Id. at 83-84 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).

In Bishop, the delay occurred after arrest and arraignment of the defendant in contrast to the instant interval between issuance of the probation violation warrant and the revocation hearing. Id. at 82-83. Our supreme court has expressly held that "a probation revocation proceeding is a continuation of the criminal prosecution," meriting consideration of the enumerated constitutional safeguards. Allen, 505 S.W.2d at 719. The Allen analysis did not explicitly apply the Barker factors but focused on the length of the delay and the degree the delay prejudiced the defendant, concluding that the defendant had been denied his right to a speedy trial. However, in Blackwell v. State, 546 S.W.2d 828, 830 (Tenn. Crim. App. 1976) perm. app. denied (Tenn. 1977), a panel on this court applied the Barker factors in analyzing the delay of a probation revocation hearing. The Blackwell court distinguished Allen and held that the delay in the case was brought about by the appellant's own actions which resulted in his incarceration in another state, and the appellant failed to show

prejudice. Id. This court concluded that appellant Blackwell did not establish that his right to a speedy trial had been violated. See id.

We apply the above-listed factors in the instant case. The first Barker factor, length of delay, is a threshold factor, serving as the triggering mechanism "that will necessitate the consideration of the other three factors." State v. Wood, 924 S.W.2d 342, 346 (Tenn. 1996). Until the accused establishes a period of delay that is "presumptively prejudicial," there will be "no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530; see also State v. Easterly, 77 S.W.3d 226, 235-36 (Tenn. Crim. App. 2001). Generally, "a delay must approach one year to trigger the Barker v. Wingo analysis," although "the line of demarcation depends on the nature of the case." State v. Utley, 956 S.W.2d 489, 494 (Tenn. 1997); see Doggett v. United States, 505 U.S. 647, 652 n. 1 (1992). The eight-year delay between the issuance of the Defendant's arrest warrant and his revocation hearing is enough to require inquiry into all of the Barker factors. The question of whether the right to a speedy trial has been denied is a mixed question of law and fact and, therefore, subject to de novo review. Hutchings, 2009 WL 1676057, at *5 (citing State v. Hawk, 170 S.W.3d 547, 549 (Tenn. 2005)).

*A. Length of Delay*

The reasonableness of the length of the delay depends "upon the peculiar circumstances of each case." Easterly, 77 S.W.3d at 235. The delay "that can be tolerated for 'an ordinary street crime' is generally much less than for a serious, complex felony charge." Id. (citing Barker, 407 U.S. at 530-31). However, "the presumption that [the] delay has prejudiced the accused intensifies over time." State v. Simmons, 54 S.W.3d 755, 759 (Tenn. 2001). Here, the length of the delay from the issuance of the violation warrant to the Defendant's revocation hearing was over eight years. See Hutchings, 2009 WL 1676057, at *5 (concluding that a lengthy delay between the issuance of a probation violation warrant and the hearing on the probation revocation may violate a defendant's right to a speedy trial). The State argues that the delay of the Defendant's hearing was minimal because the Defendant was transported directly to Tennessee custody immediately after he finished his sentence in Mississippi. However, the prevailing view is that the length of delay is calculated from the issuance of the arrest warrant not when the Defendant was taken into state custody. See id. at *5-6; State v. Mathis Lamar Meadows, No. W2006-02534-CCA-R3-CD, 2007 WL 1215050, at *2-3 (Tenn. Crim. App. Apr. 24, 2007); State v. John William Matkin, III, No. E2005-02701-CCA-R3-CD, 2007 WL 120048, at *5 (Tenn. Crim. App. Jan. 18, 2007); State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1-2 (Tenn. Crim. App. Dec. 27, 2005). State v. Timothy Tillery, No. E2000-01996-CCA-R3-CD, 2001 WL 921754, at *2 n. 6 (Tenn. Crim. App. Aug. 16, 2001) (citing State v. Randy R. Wilson, No. M2000-01537-CCA-R3-CD, 2001 WL 523368, at *2 (Tenn. Crim. App. May

16, 2001); State v. Lawrence Ralph, Jr., No. M1999-01635-CCA-R3-CD, 2000 WL 775592, at *1-2 (Tenn. Crim. App. June 16, 2000)). Unlike the grand jury accusation component involved in criminal charges, probation revocation proceedings are commenced when the trial judge issues the warrant. See Hutchings, 2009 WL 1676057, at *5. Thus, the warrant serves as the formal accusation, see Tenn. Code Ann. § 40-35-311(a), and no further action is required. Therefore, we reject the State's argument that the delay did not begin until the Defendant's incarceration in Tennessee. For the foregoing reasons, the eight-year delay is considered "presumptively unreasonable," and this conclusion necessitates our analysis of the other factors.

## B. Reason for Delay

In Wood, our supreme court identified several possible reasons for delay:

(1) Intentional delay for the purpose of tactical advantage over the defense or to harass the defendant;

(2) bureaucratic indifference or negligence;

(3) delay necessary to the fair and effective prosecution of the case; and

(4) delay acquiesced in or caused by the defendant.

Id. at 346-47. Factors (1) and (2) are weighed heavily and somewhat less heavily, respectively, against the State. Id. at 346-47. Factor (3) is weighed against neither party, and factor (4) is weighed against the defendant. Id. at 347. In the instant case, there is nothing in the record to suggest that the delay in this case was intentionally caused by the State. Instead, the trial court found that the delay was caused by the Defendant's acquisition of charges and subsequent incarceration in Mississippi. As such, the Defendant was not "readily accessible" to the Tennessee authorities to effectuate a speedy trial because he was lawfully in the custody of another state. See Blackwell, 546 S.W.2d at 830; see also State v. Randy R. Wilson, No. M2000-01537-CCA-R3-CD, 2001 WL 523368, at *2 (Tenn. Crim. App. 2001). Nevertheless, Tennessee placed a hold on the Defendant so that he would be transported to the State as soon as he was released. Thus, this factor weighs against the Defendant. See Blackwell, 546 S.W.2d at 830 (holding that the delay that the defendant brought upon himself by his own misconduct did not result in a violation of his right to a speedy trial); State v. Mathis Lamar Meadows, No. W2006-02534-CCA-R3-CD, 2007 WL 1215050, at *3 (Tenn. Crim. App. Apr. 24, 2007); State v. Randy R. Wilson, No. M2000-01537-CCA-R3-CD, 2001 WL 523368 at *2 (Tenn. Crim. App. May 16, 2001).

## C. Defendant's Assertion of Right to Speedy Trial

The third factor in the Barker analysis is "the defendant's assertion or failure to assert the right to a speedy trial." Simmons, 54 S.W.3d at 760. A defendant's assertion of the right "is entitled to strong evidentiary weight in determining whether the right has been denied, and failure to assert the right will make it difficult to prove it was denied." Wood, 924 S.W.2d at 348. The defendant's failure to assert the right "implies [the] defendant does not actively seek a swift trial." Id. This court's decision in Easterly held that a communication which does not contain an express demand for a speedy trial may nonetheless assert the right if "it is clear from the evidence that the tenor of [the] communication ... was to that effect." Easterly, 77 S.W.3d at 237.

In Easterly, the defendant's counsel specifically requested that a capias be served on the defendant and "expressed concern [to the prosecutor] about prejudice as a result of the delay." Id. at 237. Here, the Defendant contends that he contacted the Board of Probation and Parole, urging them to adjudicate his revocation warrant while he was incarcerated in Mississippi, and they informed him that he would have a hearing on the revocation warrant as soon as he was released from custody in Mississippi. Although the Defendant presented nothing more than his testimony on the issue, the State did not contradict or challenge this testimony. Therefore, we conclude that the Defendant did assert his right to a speedy trial.

## D. Prejudice

The final and most important factor in the Barker analysis is whether the accused has suffered prejudice from the delay. 407 U.S. at 532. When evaluating this factor, courts must be aware that the right to a speedy trial is designed (1) to prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation, and (3) to limit the possibilities that long delay will impair the defense. Bishop, 493 S.W.2d at 85; see Smith v. Hooey, 393 U.S. 374, 378 (1969). We find none of the above-listed considerations applicable in the instant case. The Defendant argues that he suffered prejudice by the delay because the hold placed on him while incarcerated in Mississippi affected his privileges and made him ineligible to receive earned credits, which resulted in him serving a longer sentence. However, the Defendant admitted at the revocation hearing that he did, in fact, abscond to Mississippi in violation of the terms of his probation; this action was the direct cause of the harm he alleged. As the trial court intimated, had the Defendant not absconded to Mississippi and completed his probation in Tennessee, he would not be in the current situation. Additionally, the mere possibility of obtaining a more favorable sentence "is not sufficient prejudice to establish a speedy trial violation...." State v. Simmons, 54 S.W.3d 755, 761 (Tenn. 2001); see also, Blackwell,546 S.W.2d at 830 (concluding that the defendant had not shown prejudice because there was no

evidence that the trial judge would have allowed the appellant to run the two state sentences concurrently and because the detainer had no effect on the appellant's Florida prison status or privileges). The Defendant has presented no evidence, other than his testimony that he was denied privileges in Mississippi, that he suffered any prejudice from the delay.

*E. Factors on Balance*

In balancing the aforementioned factors, we conclude that the Defendant's right to a speedy trial was not violated. Although the eight-year delay is presumptively unreasonable, the Defendant is unable to show prejudice as a result of the delay, and prejudice is the most important factor in the <u>Barker</u> analysis. He is not entitled to relief on this issue.

Turning back to the revocation of probation, the Defendant appealed the revocation based solely on the allegation that his constitutional right to a speedy trial was violated. Given our conclusion that the Defendant was not deprived of his right to a speedy trial and the Defendant's concession that he violated the terms of his probation and had "no excuse" for his actions, we conclude that there is substantial evidence to support the trial court's revocation of the Defendant's sentence.

<u>CONCLUSION</u>

Accordingly, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-7-